WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Lydia Daywitt,

            Plaintiff,

v.

Carolyn W. Colvin,

            Defendant.

No. CV-15-02476-PHX-BSB

**ORDER**

       Plaintiff Lydia Daywitt seeks judicial review of the final decision of the Commissioner of Social Security (the Commissioner) denying her application for benefits under the Social Security Act (the Act). The parties have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b), and have filed briefs in accordance with Rule 16.1 of the Local Rules of Civil Procedure. The Court reverses the Commissioner's decision and remands for further proceedings.

## I.  Procedural Background

       In October 2012, Plaintiff filed an application for a period of disability and disability insurance benefits and, in January 2013, she filed an application for supplemental security income. (Tr. 356-57, 366-71.)[1] Plaintiff alleged a disability onset date of August 1, 2010. (Tr. 201.) After the Social Security Administration (SSA) denied Plaintiff's initial applications and her request for reconsideration, she requested a hearing before an administrative law judge (ALJ). After conducting a hearing, the ALJ

---

[1] Citations to Tr. are to the certified administrative transcript of record. (Doc. 13.)

issued a decision finding Plaintiff not disabled under the Act.  (Tr. 182-89.)  This decision became the final decision of the Commissioner when the Social Security Administration Appeals Council denied Plaintiff's request for review.  (Tr. 1-6.)  *See also* 20 C.F.R. § 404.981 (explaining the effect of a disposition by the Appeals Council).  Plaintiff now seeks judicial review of this decision pursuant to 42 U.S.C. § 405(g).

## II.   Administrative Hearing and Record

Plaintiff was forty-eight years old as of the alleged disability onset date.  (Tr. 188.)  She had a high school education and past relevant work as a truck driver.  (*Id.*)  At the administrative hearing, Plaintiff testified that she is unable to work due to back pain, deep vein thrombosis, edema, and use of a walker.  (Tr. 204, 206-08.)  She also complained of mental health issues, including depression.  (Tr. 213-14.)  The record before the Court includes medical treatment records and opinions related to Plaintiff's alleged physical and mental impairments.  The Court does not discuss these records in detail because, as discussed below, the parties agree that the ALJ committed reversible error in relation to his consideration of Plaintiff's mental impairments.

## III.   The ALJ's Decision

A claimant is considered disabled under the Social Security Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A) (nearly identical standard for supplemental security income disability insurance benefits).  To determine whether a claimant is disabled, the ALJ uses a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

### A.   The Five-Step Sequential Evaluation Process

In the first two steps, a claimant seeking disability benefits must initially demonstrate (1) that she is not presently engaged in a substantial gainful activity, and (2) that her medically determinable impairment or combinations of impairments is severe.

20 C.F.R. §§ 404.1520(b) and (c), 416.920(b) and (c).  If a claimant meets steps one and two, there are two ways in which she may be found disabled at steps three through five. At step three, she may prove that his impairment or combination of impairments meets or equals an impairment in the Listing of Impairments found in Appendix 1 to Subpart P of 20 C.F.R. Part 404.   20 C.F.R. §§ 404.1520(a)(4)(iii) and (d), 416.920(d).   If so, the claimant is presumptively disabled.  If not, the ALJ determines the claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  At step four, the ALJ determines whether a claimant's RFC precludes her from performing her past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant establishes this prima facie case, the burden shifts to the government at step five to establish that the claimant can perform other jobs that exist in significant number in the national economy, considering the claimant's RFC, age, work experience, and education.   20 C.F.R. §§ 404.1520(g), 416.920(g).  If the government does not meet this burden, then the claimant is considered disabled within the meaning of the Act.

### B.   The ALJ's Application of the Five-Step Evaluation Process

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (Tr. 184.)   At step two, the ALJ found that Plaintiff had the following severe impairments: "chronic bronchitis; diabetes mellitus; hypertension; hyperlipidemia; obesity; chronic venous insufficiency; (20 CFR 404.1520(c) and 416.920(c))."  (*Id.*)  The ALJ concluded that Plaintiff did not have a severe mental impairment.  (*Id.*)  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment.  (Tr. 185.)  The ALJ found that Plaintiff had the residual functional capacity (RFC) to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)."  (Tr. 186.)   The ALJ clarified that Plaintiff "can frequently climb ramps/stairs; occasionally climb ladders, ropes, [or] scaffolds; frequently balance and stoop; occasionally kneel, crouch, [and] crawl; [and should] avoid concentrated exposure to fumes, odors, dusts, gases, [and] poor

1 ventilation." (Tr. 186.) The RFC did not include any limitations related to Plaintiff's

2 mental health. (*Id.*)

3     The ALJ concluded that the transferability of job skills was not material to a

4 determination of disability because using the Medical-Vocational Rules as a framework

5 supported a finding that Plaintiff was not disabled. (Tr. 188.) The ALJ concluded that

6 considering Plaintiff's age, education, work experience, and RFC, there were jobs that

7 existed in significant number in the national economy that Plaintiff could perform. (*Id.*)

8 The ALJ determined that Plaintiff had not been under a disability, as defined in the Act,

9 from August 1, 2010 through the date of his decision. (Tr. 189.) Therefore, the ALJ

10 denied Plaintiff's application for a period of disability and disability insurance benefits

11 and her application for supplemental security income. (*Id.*)

12 **IV.     Standard of Review**

13     The district court has the "power to enter, upon the pleadings and transcript of

14 record, a judgment affirming, modifying, or reversing the decision of the Commissioner,

15 with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district

16 court reviews the Commissioner's final decision under the substantial evidence standard

17 and must affirm the Commissioner's decision if it is supported by substantial evidence

18 and it is free from legal error. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996);

19 *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even if the

20 ALJ erred, however, "[a] decision of the ALJ will not be reversed for errors that are

21 harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

22     Substantial evidence means more than a mere scintilla, but less than a

23 preponderance; it is "such relevant evidence as a reasonable mind might accept as

24 adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

25 (citations omitted); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). In

26 determining whether substantial evidence supports a decision, the court considers the

27 record as a whole and "may not affirm simply by isolating a specific quantum of

28 supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (internal

quotation and citation omitted).   The ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities.  *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  "When the evidence before the ALJ is subject to more than one rational interpretation, [the court] must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1198 (9th Cir. 2004) (citing *Andrews*, 53 F.3d at 1041).

**V.    Plaintiff's Claims**

Plaintiff raises the following claims: (1) the ALJ erred in assessing Plaintiff's RFC because he did not consider the combined effects of all of Plaintiff's impairments, including depression; (2) the ALJ erred by rejecting the opinions of treating and examining physicians in favor of a non-examining physician's opinion; (3) the ALJ erred in weighing Plaintiff's reported symptoms; and (4) the ALJ erred by failing to provide sufficient reasons for rejecting lay witness testimony.  (Doc. 16 at 8-24.)

In response, the Commissioner states that the ALJ's decision contains reversible error at step two of the sequential evaluation process.  (Doc. 23 at 6.)  The Commissioner states that, at step two, the ALJ found no severe mental impairments and indicated that the record did not contain limitations from a treating physician.  (*Id.*)  On appeal of the ALJ's decision, Plaintiff submitted over 200 pages of medical records including "about 175 pages of mental health records" that the ALJ did not have the opportunity to consider.  (*Id.* at 6, 17.)  The Commissioner states that these records "undermin[e] the ALJ's reasons."  (*Id.* at 6.)   The Commissioner asserts that this matter should be remanded for further proceedings to permit the ALJ to consider the additional medical records.  (*Id.* at 16.)  Plaintiff argues that the Appeals Council should have considered the records and asserts that the Court should remand for an award of benefits.  (Doc. 26.) Based on the Commissioner's concession of reversible error, the Court reverses the Commissioner's decision.  Therefore, the Court must determine whether to remand for further proceedings or for an award of benefits.

## VI.    Remand for Further Proceedings

The decision to remand for benefits is controlled by the Ninth Circuit's "three-part credit-as-true standard."  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).  Under that standard, evidence should be credited as true and an action remanded for an immediate award of benefits when each of the following factors are present: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant's testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."  *Id.* (citing *Ryan v. Comm'r Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008)).

The first factor of the credit-as-true standard is not met when the record is not fully developed and further administrative proceedings would be useful.  *See Garrison*, 759 F.3d at 1020.  To determine whether the first factor is met the court "consider[s] whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules."  *Treichler*, 775 F.3d at 1103-04.  The Court concludes that the ALJ should have the opportunity to evaluate medical records that post-date the ALJ's decision and to consider those records along with other medical evidence and assessments in the record.

After the ALJ's decision, Plaintiff submitted additional medical records to the Appeals Council.  (Tr. 2.)  These records include the following: (1) a March 20, 2015 statement from Plaintiff's treating physician, Dr. Jacqueline Carter, that Plaintiff could not "maintain a daily job" (Tr. 2, 9); (2) an October 7, 2014 statement from registered nurse (RN) Rachel Daley that Plaintiff could not "sustain[] gainful employment" (Tr. 178); and, (3) 175 pages of mental health records that post-date the ALJ's decision. (Tr. 2.)

In its decision, the Appeals Council considered "the additional evidence listed on the enclosed Order of Appeals Council." (Tr. 2.) The Appeals Council identified that evidence as Plaintiff's February 23, 2015 statement, Plaintiff's October 21, 2014 brief, and a May 23, 2014 prescription by Dr. Wang. (Tr. 5.) Based on its review of that evidence and Plaintiff's arguments, the Appeals Council found no grounds for changing the ALJ's decision. (Tr. 2.) The Appeals Council noted that Plaintiff had submitted additional evidence, including RN Daley's October 7, 2014 statement, Dr. Carter's March 20, 2015 statement, medical records from Banner Ironwood Medical Center dated January 26, 2015 to February 3, 2015, and medical records from Aurora Behavioral Health System dated January 28, 2018 to February 2, 2015. (Id.) The Appeals Council did not consider that evidence because it was dated after August 22, 2014, the date on which the ALJ issued his decision. (Id.) Plaintiff argues that the Appeals Council should have considered the evidence that post-dated the ALJ's decision because those medical records reflect ongoing medical care. (Doc. 26 at 2); see 20 C.F.R. § 404.970(b). The Commissioner concedes error related to the Agency's treatment of this evidence. (Doc. 23 at 2.) As discussed below, the Court remands this matter to permit the ALJ to consider this evidence.

In *Brewes v. Comm'r of Soc. Sec.*, 682 F.3d 1157 (9th Cir. 2012), the Ninth Circuit held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Id.* at 1163. Plaintiff argues that under *Brewes*, this Court can consider the evidence that she submitted to the Appeals Council and need not remand this matter to give the ALJ the opportunity to do so. (Doc. 26 at 3.) The Court concludes that *Brewes* does not support Plaintiff's argument because that case is distinguishable.

Unlike *Brewes*, the Appeal Council did not consider the evidence that post-dated the ALJ's decision. The Appeals Council explained that the ALJ decided Plaintiff's case

- 7 -

through August 22, 2014, the date of the ALJ's decision, but the "new information [was] about a different time."  (Tr. 2); *see Rocha v. Astrue*, 2012 WL 748260, at *4 (D. Ariz. Mar. 7, 2012) (stating that the Appeals Council did not "consider" evidence when it stated that it looked at evidence but did not make it part of the administrative record). Because neither the ALJ nor the Appeals Council considered evidence that post-dated the ALJ's decision, but that reflected Plaintiff's ongoing medical care, the Court concludes that further administrative proceedings would be useful to permit the ALJ to consider that evidence and reassess his decision.  *See Garrison*, 759 F.3d at 1020; *Smolen*, 80 F.3d at 1292 (the court has discretion to remand for additional findings or for an award of benefits.).  On remand, the ALJ may conduct a new hearing, further consider the medical evidence, including the evidence that post-dates his August 22, 2014 decision, reassess Plaintiff's RFC, reassess the five-step sequential evaluation, and issue a new decision.

Accordingly,

**IT IS ORDERED** that the Commissioner's decision is reversed and this matter is remanded for further proceedings as set forth in this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment in Plaintiff's favor and terminate this matter.

Dated this 27th day of January, 2017.

Bridget S. Bade
United States Magistrate Judge